UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. PLATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:17-CV-320 JD |
| | ) | |
| INDIANA STATE PRISON, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Christopher A. Platt, a *pro se* prisoner, filed a complaint. ECF 1. Pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Platt is an inmate at the Indiana State Prison ("ISP"). He alleges that he made complaints

to various unnamed officers about the disrepair of his cell ceiling in December 2016, but it was not fixed. Repairs had not been made by December 9, 2016, when part of the ceiling fell on him, striking his head and neck. Platt sues the ISP and unidentified officers for money damages for housing him under conditions that violated the Eighth Amendment. Prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). However, a prison official only violates the Eighth Amendment if he is deliberately indifferent to conditions posing a substantial risk of serious harm. *Id.* at 834-35.

In retrospect, it is evident that the ceiling posed such a risk, but Platt has not presented factual support for an allegation that anyone was deliberately indifferent to that risk. Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d

1206, 1208 (7th Cir. 1995). Deliberate indifference can be inferred only where there is a strong likelihood rather than a mere possibility that injury will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials are not expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991).

It is unclear what Platt told the unnamed officers about the condition of the ceiling. Platt has not explained what any guard was told that would have alerted him to there being an imminent danger of collapse which would have necessitated an immediate response. Neither has he alleged that anyone delayed the repairs because he did not care whether Platt was injured. Thus, Platt has not plausibly alleged that anyone was deliberately indifferent. Therefore, this complaint does not state a claim.

Moreover, Platt has not identified any possible defendant. Though ISP is where these events occurred, it is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. section 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Platt apparently does not know the identity of the officers who he notified about the disrepair of the ceiling. As a practical matter his case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). In his amended complaint, Platt must also include any information he can provide that may assist in identifying the officers, including a physical description.

While the current complaint does not state a plausible claim, if given the opportunity Platt may be able to do so. Accordingly, he will be granted an opportunity to submit an amended

complaint. *Luevano v. Wal-Mart Stores, Inc*., 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013). In the amended complaint, Platt should be sure to address the deficiencies noted in this order. He should explain in his own words what happened, when it happened, where it happened, and how he was personally injured by the conditions he describes, providing as much detail as possible.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint form and send it to Christopher A. Platt;

(2) **GRANTS** Christopher A. Platt, to and including July 24, 2017, to file an amended complaint; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current amended complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: July 5, 2017

              /s/ JON E. DEGUILIO
             Judge
             United States District Court