UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. PLATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:17-CV-320 JD |
| | ) | |
| INDIANA STATE PRISON, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Christopher A. Platt, a *pro se* prisoner, filed an amended complaint. ECF 8. Pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Platt is an inmate at the Indiana State Prison ("ISP"). Sometime in 2016, he personally

complained to various unidentified officers about the disrepair of his cell ceiling. He showed them the condition of his ceiling and explained that it was a threat to his safety and health. Platt's complaints were ignored. At some point in time, Platt then wrote to the seven named defendant officers (different from those that he personally complained to), as well as Superintendent Ron Neal and Assistant Superintendent Kenneth G. Platt, and informed these individuals that there was a maintenance issue in his cell and requested to have his ceiling repaired. Nevertheless, he never received a response to his letters and his ceiling was not fixed. On December 9, 2016, part of the ceiling fell on him, striking his head and neck. Platt sues the unidentified officers that he personally complained to about these conditions as well as the Superintendent, Assistant Superintendent, and seven officers to whom he wrote.

Prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). However, a prison official only violates the Eighth Amendment if he is deliberately indifferent to conditions posing a substantial risk of serious harm. *Id.* at 834-35. Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the

"functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Deliberate indifference can be inferred only where there is a strong likelihood rather than a mere possibility that injury will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials are not expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991).

Here, Platt alleges that he personally alerted many unidentified officers to there being an imminent danger of his ceiling's collapse which would have necessitated an immediate response. Nevertheless, these unnamed guards ignored his complaints. This may state a claim. However, Platt does not know the identity of any of these officers. As a practical matter his case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). As explained below, Platt will have the opportunity to conduct discovery in order to determine their identities and then file an amended complaint against them.

While Platt has stated a claim against various unnamed defendants, he has failed to state a claim against the named defendants. The only defendants Platt has named - 7 officers, the Superintendent and Assistant Superintendent - are those individuals to whom he wrote. The simple fact that he wrote to these nine individuals does not make them personally liable to him. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Instead, Platt must show that they were

deliberately indifferent to his conditions. This he has not done. While he alerted many unidentified officers to there being an imminent danger of his ceiling's collapse, he failed to give the same warning to the named defendants. In his letter to them, Platt simply stated that there was a "maintenance issue" in his cell - his ceiling was in disrepair. ECF 8 at 2, 3. Based on the letter, the court cannot conclude that any of the named defendants believed Platt was in imminent danger and ignored it. There are simply no allegations that these defendants were informed that Platt was facing a substantial risk of serious harm, nor is there any allegation that they thought any such risk existed. *Farmer*, 511 U.S. at 837. Ultimately, based on the current allegations, there is no indication that any of these named defendants were deliberately indifferent to his situation. Moreover, "[s]ection 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 593. Thus, simply because the unnamed defendants may have been deliberately indifferent to the conditions of Platt's cell does not result in these named defendants being held liable. *Id.*

Next, Platt alleges that he was denied adequate medical treatment by four unknown officers after the ceiling fell and struck him. Officer Hoffer witnessed the ceiling fall[1] and assured Platt that incoming officers would get him medical attention. Four unidentified officers then came into Platt's cell, took pictures and moved Platt to a different cell. They told him that they would call the nurse and take him to medical the next morning. However, they never did, which Platt alleges violated his constitutional rights.

---

[1] Although Platt has named Officer Hoffer as a defendant, the only thing Platt alleges about him is that Officer Hoffer witnessed the ceiling fall on him. There is nothing in witnessing the ceiling fall that is violative of the constitution. Thus, there is no claim alleged against Officer Hoffer. If Platt wishes to allege some sort of wrongdoing against Officer Hoffer, he can include it in his forthcoming amended complaint.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Here, Platt alleges that these four unidentified officers were aware that his injuries required medical attention, but nevertheless refused to provide him with any treatment. Platt alleges that these officers refused to let him see a nurse or be seen in medical. Because the complaint alleges that the unnamed officers knew that he needed medical attention, but denied him the opportunity to receive medical treatment, it may state a claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Again, though, Platt does not know the identity of the four guards who denied him medical attention. Platt will be able to conduct discovery to learn their identities and file an amended complaint against them

As stated above, Platt may be able to state a claim against various unidentified ISP officers for ignoring the condition of his ceiling and for denying him medical attention. Because of that possibility, even though Platt has not stated a claim against Superintendent Ron Neal, the

court will order that service be made on the Superintendent of ISP for the sole purpose of identifying the actual names of the officers whose name Platt does not know. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). After the complaint is served on Ron Neal, Platt may initiate discovery directed at this official for the purpose of identifying the unknown ISP officers. Notably, all discovery requests and responses must be filed with the court. N.D. Ind. L.R. 26-2(a)(2)(A). The Court will set deadlines for Platt to conduct discovery and to file an amended complaint containing the names of the officers, which he must do in order for this case to proceed. If Platt can obtain the names of the officers on his own without having to conduct discovery, he may of course do so. In either case, however, if he fails to submit an amended complaint containing their names by the deadline, this action will be dismissed for failure to state a claim against a viable defendant.

For these reasons, the Court:

(1) **GRANTS** the plaintiff leave to proceed against Superintendent Ron Neal for the sole purpose of conducting discovery to identify the unknown jail staff who were deliberately indifferent to the condition of his cell ceiling in December 2016, and those four unknown officers who denied him medical treatment after the ceiling fell on him on December 9, 2016;

(2) **DISMISSES** any and all other claims contained in the complaint;

(3) **DISMISSES** Assistant Superintendent Kenny G., Officer Hoffer, Lt. Cabenoff, Lt. Anthony Neal, Captain McCann, Officer Wigguie, Officer T. Tibbs and Sgt. Itodo Moses;

(4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Superintendent Ron Neal with a copy of this order and the amended complaint (ECF 8) as required by 28 U.S.C. § 1915(d);

(5) **ORDERS** the Superintendent of ISP to appear and respond to discovery for the sole purpose of identifying the unknown ISP officers;

(6) **WAIVES** any obligation for the Superintendent of ISP to file an answer pursuant to 42 U.S.C. § 1997e(g)(2);

(7) **ORDERS** that any discovery by plaintiff to identify the ISP officers be initiated by November 6, 2017;

(8) **GRANTS** the plaintiff leave to file a second amended complaint on or before January 29, 2018, which names the unknown ISP officers as defendants and presents any and all claims that he is asserting against them; and

(9) **CAUTIONS** the plaintiff that if he does not file an amended complaint by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because his current complaint does not identify a defendant against whom to state a claim.

SO ORDERED.

ENTERED: September 29, 2017

      /s/ JON E. DEGUILIO
Judge
United States District Court