UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHRISTOPHER A. PLATT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:17-CV-320 JD |
| | ) | |
| INDIANA STATE PRISON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Christopher A. Platt, a *pro se* prisoner, filed an amended complaint. ECF 19. Pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under

-1-

color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Platt is an inmate at the Indiana State Prison ("ISP"). While housed there on December 9, 2016, part of the ceiling fell on him, striking his head and neck. Officer Hoffman witnessed the ceiling fall and assured Platt that incoming officers would get him medical attention. Sgt. D. Draper, M. Buckman, M. Semla and S. Rodgers then came into Platt's cell, took pictures and moved him to a different cell. They told Platt that they would call the nurse and take him to medical the next morning. However, they never did, which Platt alleges violated his constitutional rights. Platt sues Sgt. D. Draper, M. Buckman, M. Semla and S. Rodgers for money damages for ignoring his request for medical care.[1]

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of

---

[1] In his amended complaint, Platt explains that he is not suing J. Hoffman. ECF 19 at 1.

being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Here, Platt alleges that these four officers were aware that his injuries required medical attention, but nevertheless refused to let him see a nurse or be seen in medical. Because the complaint alleges that these officers knew that he needed medical attention, but denied him the opportunity to receive medical treatment, it states a claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Indeed, an unnecessary delay in providing medical treatment can constitute deliberate indifference when it causes unnecessary pain or suffering, as alleged here. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

Next, Platt names the Indiana State Prison as a defendant. Though ISP is where these events occurred, it is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. section 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

As a final matter, Platt names ISP Superintendent Ron Neal as a defendant. It is not clear why Platt is suing Neal, as the he is not even mentioned in the body of the complaint. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an

-3-

employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Thus, the amended complaint does not state a claim against Neal in his individual capacity.

It may very well be that Platt is seeking injunctive relief against Neal to receive medical treatment for the injuries he suffered as a result of the 2016 ceiling collapse. Platt does request various medical tests, ECF 19 at 4, and it is Neal in his official capacity who is charged with ensuring Platt is given necessary medical care. Though Platt is entitled to adequate medical treatment as required by the Constitution, he does not indicate that he has been unable to obtain medical treatment for his injuries. Platt does not explain any efforts he has made to obtain medical care, other than asking the four correctional officer defendants for medical attention one time on December 10, 2016. Platt does not say who he has since spoken with, what request forms he has filled out, who he gave them to, or what responses he got back. Simply put, Platt has not alleged that the Neal or any medical providers have refused to provide him with necessary medical care. Therefore, Platt has not stated a plausible injunctive relief claim.[2]

---

[2]As an aside, it appears as though Platt's injunctive relief claim is unnecessary. Platt has recently informed the court that he will be released from custody on May 8, 2018. ECF 20 at 1. He will likely be released from custody before the defendants respond to the complaint. When he is released from ISP's custody, any injunctive relief claim to obtain medical treatment would become moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (noting that "a prisoner transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.").

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sgt. D. Draper, M. Buckman, M. Semla and S. Rodgers for denying him medical treatment after the ceiling fell on him on December 9, 2016, in violation of the Eighth Amendment;

(2) DISMISSES any and all other claims contained in the amended complaint;

(3) DISMISSES Indiana State Prison and Ron Neal as defendants;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sgt. D. Draper, M. Buckman, M. Semla and S. Rodgers at the Indiana Department of Correction with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. D. Draper, M. Buckman, M. Semla and S. Rodgers respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 19, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT