UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. PLATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:17-CV-320 JD-MGG |
| | ) | |
| INDIANA STATE PRISON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Christopher A. Platt, a *pro se* prisoner, filed a letter asking to amend his complaint along with a proposed amended complaint. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The court thus construes Platt's letter as a motion for leave to amend. "Reasons for finding that leave should not be granted include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

In this case, Platt has already been given leave to proceed against Sgt. D. Draper, M. Buckman, M. Semla and S. Rodgers for denying him medical treatment after a ceiling fell on him on December 9, 2016, in violation of the Eighth Amendment. ECF 21.

Platt now seeks to amend his complaint to bring additional claims against these four defendants. However, his proposed amendments to the complaint are unduly vague. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To start, Platt seeks to amend his complaint to add discrimination and retaliation claims against the defendants. Platt alleges that he has recently been mistreated at ISP in various ways as a result of "discrimination" and "retaliation." While he complains of being mistreated, he does not indicate what each of the defendants did or explain how they were involved in any of the alleged mistreatment. It is clear he believes the four defendants were somehow involved in these events, but it is unclear what he believes any of them did which violated his constitutional rights and makes them financially liable to him. This is a problem as Section 1983 "liability depends on each defendant's knowledge and actions . . .." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The court has no reason to doubt his feelings, but Platt has not provided any factual basis to support his allegations that the defendants have unlawfully discriminated or retaliated against him. Because Platt has not identified what each defendant did to violate his constitutional rights, he has not stated a plausible discrimination or retaliation claim against any of them.

Platt also seeks to amend his complaint to add a claim against these four defendants for not wearing name tags. While Platt is upset that the defendants did not wear name tags while working at ISP, that does not in and of itself violate any of his constitutional rights. Ultimately, because none of Platt's proposed amendments state a claim against any defendant, the court will deny Platt leave to amend based on the futility of the amendments.

For these reasons, the court:

(1) DENIES the motion (ECF 32) to amend; and

(2) STRIKES the proposed amended complaint (ECF 31).

SO ORDERED on July 11, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court